**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**ROBERT CHAVEZ**,

      Plaintiff,

      vs.                               No. **CIV-05-186 MCA/ACT**

**TINA MARIE DENNIS, ALL FREIGHT
SYSTEMS, INC., GREAT WEST
CASUALTY COMPANY, KEARY
LEONARD, COVENANT TRANSPORT,
INC., and JOHN DOES II THROUGH V,**

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on Plaintiff's *Motion to Extend Time to Serve Defendant, Keary Leonard, by Publication* [Doc. 33], filed November 10, 2005. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court determines that the *Motion* is well-taken and should be granted.

**I. BACKGROUND**

      This action arises from a February 6, 2002 motor vehicle accident in Guadalupe County, New Mexico, in which Plaintiff's vehicle collided with a freightliner driven by Defendant Tina Marie Dennis. Although it was Dennis's rig that allegedly struck Plaintiff, Plaintiff asserts that Defendant Keary Leonard, who was driving in front of Plaintiff at the time of the collision, actually caused the accident by negligently and carelessly operating

his semi tractor-trailer. [See Doc. 19, Exh. 1, "First Amended Complaint to Recover Damages for Personal Injuries" at 6-5]. On January 10, 2005, Plaintiff filed his complaint in the Fourth Judicial District Court, County of Guadalupe, State of New Mexico. Defendants All Freight Systems, Inc. and Great West Casualty Company timely removed the matter to this Court on February 18, 2005. [See Doc. 1].

Plaintiff apparently was unable to serve Defendant Leonard within the 120-day limit provided under the Federal Rules of Civil Procedure; in other words, by June 20, 2005. See Fed.R.Civ.P. 4(m); see also Fed.R.Civ.P. 6(a). Plaintiff, however, contends that the *Order Adopting Attorneys' Provisional Discovery Plan with Changes and Setting Case Management Deadlines* [Doc. 16] "g[ave] Plaintiff until September 15, 2005 to personally serve Defendant, Keary Leonard . . . ." [Doc. 33 at 2]. Citing this *Order*, Plaintiff, on November 10, 2005, filed his *Motion to Extend Time to Serve Defendant, Keary Leonard, by Publication*. [Doc. 33]. In the *Motion*, Plaintiff states that, after he filed his complaint, he attempted to effect service on Leonard at the Florida address that was listed in the police report taken at the time of the collision. In March 2005, the sheriff of Palm Beach County, Florida returned the complaint unserved. Plaintiff then hired private investigator Ron Grist to attempt to locate Leonard. [Id. at 1].

According to P.I. Grist, who has been licensed as a private investigator in New Mexico since 1996, he began searching for Leonard in April 2005. Grist states that he "contacted numerous blood relatives of Mr. Leonard in the state [sic] of Florida, Georgia

and New York including his brother, sister and nieces in Florida and his step-father. These relatives would not disclose any information regarding Mr. Leonard's current address, phone number or employment." [Doc. 37, Exh. 1 at 2]. When Grist finally traced Leonard to Ringgold, Georgia, he sent another private investigator to Leonard's last known address in that state. This investigator was unable to locate Leonard and "[a] landlord at one address indicated that Mr. Leonard had skipped owing rents and utilities." [Id.]. P.I. Grist states that Leonard is actively avoiding service of process and that personal service cannot reasonably be made on him. [Id. at 2-3]. Thus, Plaintiff moves to extend time to serve Leonard by publication, as allowed by New Mexico law. [Doc. 37 at 2-3].

Defendant Covenant Transport ("Covenant") opposes Plaintiff's *Motion*.[1] According to Covenant, Plaintiff has not established that an extension of time is either required or permitted under the circumstances. [Doc. 34 at 1]. First, Covenant argues that Plaintiff, who waited until two 120-day periods had passed before requesting an extension of time, has neither made "meticulous efforts" to locate Leonard nor explained what steps he has taken since July 2005[2] to effect service. Covenant contends that this delay shows ignorance of the applicable rules and neglect and, consequently, Plaintiff has not demonstrated good cause for an extension. [Id. at 3-4]. Covenant also challenges Plaintiff's entitlement to a

---

[1] Plaintiff represents that Defendants Dennis and All Freight Systems, Inc. do not oppose his *Motion*. [See Doc. 33 at 2].

[2] Co-counsel for Plaintiff states that it was between March and July 2005 that she determined that Leonard had several different addresses in Florida. [Doc. 33, Oct. 19, 2005 Affidavit of Leeann Ortiz at 1].

permissive extension of time on the ground that none of the factors typically considered in determining whether such an extension is warranted weighs in Plaintiff's favor. [Id. at 4-8]. Finally, Covenant asserts that Plaintiff has not met his burden under New Mexico law to serve Leonard by publication. [Id. at 8].

## II. ANALYSIS

### A. Fed.R.Civ.P. 4(m)

Rule 4(m) of the Federal Rules of Civil Procedure provides that

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the Court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the Court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). The Tenth circuit recently reconfirmed that "Rule 4(m) makes clear that a district Court must extend the time for service if a plaintiff shows good cause." State of Oklahoma ex rel. Board of Regents v. Fellman, 2005 WL 2886236, at *1 (10th Cir. Nov 03, 2005) (*citing* Espinoza v. United States, 52 F.3d 838, 841 (10th Cir.1995)). If, after inquiring as to whether good cause exists for extending the 120-day deadline for service of process, the district Court can discern no such cause, the Court must then decide whether a permissive extension of time is warranted. Espinoza, 52 F.3d at 841; see also Zamora v. City of Belen, 2004 WL 3426121 (D.N.M. Aug. 9, 2004) (describing two-part inquiry Court must undertake in the event service is not timely).

"'[T]he "good cause" provision of Rule 4(j) should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule.'" [3] Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1438 (10th Cir. 1994) (*quoting* In re City of Philadelphia Litig., 123 F.R.D. 512, 514 n. 2 (E.D.Pa.1988)).  In this case, the Court finds that Plaintiff has not demonstrated good.  The 120-day deadline by which Plaintiff was required to have effected service on Leonard was June 20, 2005.[4]  See Eccles v. National Semiconductor Corp., 10 F.Supp.2d 514, 519 (D.Md. 1998) (explaining that, in case removed from state Court, Rule 4(m)'s 120-day period for service begins to run on the date of removal).  Plaintiff, who did not serve Leonard by June 20, 1995, also did not file his motion for an extension of time until November 10, 2005 and has given no reason for this delay.  [See Doc. 33].

Inasmuch as Plaintiff contends that the Magistrate Judge's *Order Adopting Attorneys' Provisional Discovery Plan with Changes and Setting Case Management Deadlines* gave him until September 15, 2005 to serve Leonard, the Court believes that Plaintiff may have misunderstood the *Order*.  The language relied upon by Plaintiff provides that "Plaintiff will have until September 15, 2006 [sic] to add additional parties[.]" [See Doc. 16 at 2].  The Court, however, does not read this language as extending Plaintiff's time to effect service

---

[3] Rule 4(j) preceded Rule 4(m), which took effect December 1, 1993.

[4] By the Court's calculations, day 120 actually fell on Saturday, June 18, 2005.  Consequently, Plaintiff had until Monday, June 20, 2005 by which to effect service.  See Fed.R.Civ.P. 6(a).

on Leonard. Further, a mistake as to what the *Order* authorized does not amount to good cause under Rule 4(m). See Despain, 13 F.3d at 1439 (counsel's misinterpretation of applicable rule did not equate to good cause on the part of his client). Even if the *Order* did extend Plaintiff's deadline to serve Leonard until September 15, 2005, Plaintiff still waited nearly two more months before requesting an extension of time. Again, Plaintiff has offered no explanation for this lapse. Accordingly, the Court finds that Plaintiff has not demonstrated the sort of meticulous efforts that would justify an extension for good cause. See id. at 1438.

This "good cause" determination does not end the inquiry, however, since the Court must still consider whether a permissive extension of time is warranted under the circumstances. See Fellman, 2005 WL 2886236 , at *1. Factors to be considered on this point include whether (1) the applicable statute of limitations would bar the refiled action, (2) the plaintiff is proceeding pro se, (3) a permissive extension would prejudice the defendant, and (4) the defendant is evading service. Zamora, 2004 WL 3426121 at *3 (*citing* Espinoza, 52 F.3d at 842; Despain, 13 F.3d at 1439; Fed.R.Civ.P. 4(m), Advisory Committee Notes).

The Court finds that the balance of these four factors weighs in Plaintiff's favor. First, as Covenant points out, the statute of limitations in this matter expired in February of this year. [See Doc. 34 at 2]. Thus, a refiled action would be barred. Next, the Court is not persuaded that a permissive extension would prejudice Leonard. Covenant argues that

Leonard would be prejudiced by the extension because, first, he has no notice of the action against him, and, second, because "[a] great deal of litigation has already occurred in his absence and without his knowledge[,]" and Leonard "should not be forced to play catch up." [Id. at 7]. To the extent that Leonard may be prejudiced because of a lack of notice, a permissive extension of time to allow Plaintiff to effect service is intended to cure that defect and provide Leonard with precisely the notice he now lacks. Also, the Court does not find that Leonard's absence at the Rule 16 scheduling conference, nor his nonparticipation in the other parties' "meet and confer" or in the compilation of a Provisional Discovery Plan constitutes irreparable prejudice to him. See Zamora, 2004 WL 3426121 at *3 (defendant's inability to participate in universal settlement did not irreparably prejudice his defense against plaintiff's claims). Finally, the Court believes that the facts as set forth in P.I. Grist's affidavit reasonably suggest that Leonard may be actively avoiding service of process in this matter. [See Doc. 37, Exh. 1]. For these reasons, the Court finds that Plaintiff has demonstrated his entitlement to a permissive extension of time in which to effect service on Leonard.

### B. Service by Publication

Rule 4(e) of the Federal Rules of Civil Procedure provides, in pertinent part, that "service upon an individual from whom a waiver has not been obtained and filed . . . may be effected in any judicial district of the United States . . . pursuant to the law of the state in which the district Court is located . . . ." Fed.R.Civ.P. 4(e). The New Mexico Rules of Civil

Procedure allow for service by publication upon motion, without notice, and following a showing by affidavit that service cannot reasonably be made as provided by the rule. Rule 1-004(J) NMRA 2005. Subsection (K) provides that "[s]ervice by publication shall be made once each week for three consecutive weeks unless the Court for good cause shown orders otherwise[, and that s]ervice by publication is complete on the date of the last publication. Rule 1-004(K) NMRA 2005. Service by publication is made by giving

> notice of the pendency of the action in a newspaper of general circulation in the county where the action is pending. Unless a newspaper of general circulation in the county where the action is pending is the newspaper most likely to give the defendant notice of the pendency of the action, the Court shall also order that a notice of pendency of the action be published in a newspaper of general circulation in the county which reasonably appears is most likely to give the defendant notice of the action.

Rule 1-004(K)(1) NMRA 2005. The notice of pendency of action must contain (1) the caption of the case; (2) the name of the defendant; (3) the name, address and telephone number of plaintiff's attorney; and (4) a statement that a default judgment may be entered if a response is not filed. Rule 1-004(K)(2) NMRA 2005.

    The Court finds that Plaintiff's proposed *Notice of Pendency of Action*, which is attached as Exhibit 2 to his *Reply to Response to Motion to Extend Time to Serve Defendant, Keary Leonard, by Publication*, complies with Rule 1-004(K)(2). [See Doc. 37, Exh. 2]. The proposed *Notice* also follows P.I. Grist's sworn statement that he believes Leonard is actively avoiding service of process in this matter. [See id., Exh. 1 at 2]. Finally, Plaintiff

8

has stated his intention to publish the proposed *Notice* in a newspaper of general circulation in both Bernalillo County, New Mexico, where the action is pending, and in Catoosa County, Georgia, which, as the county of Leonard's last known address, appears most likely to give Leonard notice of the action. [See id. at 3]. Consequently, the Court finds that the Plaintiff's proposed *Notice* is sufficient under the applicable New Mexico rules.

### III. CONCLUSION

For the above-stated reasons, the Court finds that Plaintiff's *Motion to Extend Time to Serve Defendant, Keary Leonard, by Publication* is well-taken and will be granted. Although the Court does not believe that Plaintiff has not demonstrated good cause mandating an extension under Fed.R.Civ.P. 4(m), the Court concludes that a permissive extension is warranted under the circumstances. Finally, the Court finds that Plaintiff's proposed *Notice of Pendency of Action* complies with the applicable New Mexico rules governing service by publication.

**IT IS, THEREFORE, ORDERED** that Plaintiff's *Motion to Extend Time to Serve Defendant, Keary Leonard, by Publication* [Doc. 33] is GRANTED;

**IT IS FURTHER ORDERED** that service by publication on Defendant Keary Leonard be complete on or before January 27, 2006, such that the final publication date shall occur on or before July 27, 2006;

9

**IT IS FURTHER ORDERED** that, pursuant to Fed.R.Civ.P. 4(e) and Rule 1-004 NMRA 2005, Plaintiff is hereby ordered to serve Defendant Keary Leonard by publication.

**SO ORDERED** this 22nd day of December, 2005, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge