UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT CHAVEZ,

    Plaintiffs,

    v.                                         CIV. NO. 05-186 MCA/ACT

TINA MARIE DENNIS, et al.,

    Defendants.


MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant Covenant Transport's ("Covenant Transport's) Motion for Examination of Plaintiff filed January 5, 2006. Docket No. 46. Covenant Transport is seeking an independent medical examination pursuant to Fed.R.Civ.P. 35. Counsel for co-defendants concur in the Motion. Plaintiff opposes the Motion. Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Covenant Transport's Motion is well taken and will be granted.

Plaintiff alleges he was injured as a result of a vehicular accident on February 6, 2002. His injuries include an injury to his shoulder and lower back. Covenant Transport has attached medical records of the Plaintiff dated prior to the date of the accident underlying this lawsuit. Exhibit A to Reply brief. These records show a history of medical treatment for back pain and a left shoulder injury.

The Federal Rules of Civil Procedure permit the physical examination of parties upon good cause shown, and when that party places their physical condition in controversy. Fed.R.Civ.P. 35.

While Rule 35 should be construed liberally in favor of granting discovery, its application is left to the sound discretion of the court. *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 362 (D. Colo. 2004). Just because the plaintiff's medical condition is relevant, however, does not mean that the court should order an independent medical examination. The words "good cause" in Rule 35 indicate that there must be a greater showing of need than relevance. *Schlagenhauf v. Holder*, 379 U.S. 104, 117-18 (1964) (*citing Guilford Nat. Bank of Greensboro v. S. Ry.*, 297 F.2d 921, 924 (4th Cir. 1962).

Plaintiff does not dispute that his shoulder and back injuries are at issue in this case. This is sufficient to place his physical condition in controversy. There is also good cause for a physical examination of the Plaintiff. There appears to be an issue as to what extent, if any, the collision caused Plaintiff's injuries and/or the extent, if any, to which the collision aggravated previous medical conditions. Even if Plaintiff's treating physicians or experts will be testifying to these issues, the Court should not limit Covenant Transport to cross-examination of these witnesses. *Simpson v. Univ. of Colo.*, 220 F.R.D. at 362 (finding that good cause existed for allowing a rule 35 examination of the plaintiff because, without the examination [the] defendant would be limited to cross-examining the evaluation of the plaintiff's expert).

Finally, Plaintiff contends that Covenant Transport's expert may testify based merely upon his review of the medical records. Clearly, this testimony would be of lesser weight than the testimony of an examining expert and would undermine the purpose of a Rule 35 examination. 8A C. Wright, A. Miller & R. Marcus, § *Federal Practice and Procedure* 2239 (1994) (noting that a Rule 35 examination is "part of an objective search for truth rather than an adversary proceedings").

**IT IS THEREFORE ORDERED** that Defendant Covenant Transport's Motion for Examination of Plaintiff is granted.

**IT IS FURTHER ORDERED** that the conditions requested by Michael L. Rothman, M.D. will be granted and if Plaintiff's counsel wants to be present during the history taking, Plaintiff will pay for a court reporter to be present..

                                                             _____

                                                             **ALAN C. TORGERSON**
                                                             **UNITED STATES MAGISTRATE JUDGE**