## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**ROBERT CHAVEZ**,

       Plaintiff,

    vs.                            No. **CIV-05-186 MCA/ACT**

**TINA MARIE DENNIS, ALL FREIGHT
SYSTEMS, INC., GREAT WEST
CASUALTY COMPANY, KEARY
LEONARD, COVENANT TRANSPORT,
INC., and JOHN DOES II THROUGH V,**

       Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's *Motion for Entry of Default Judgment Against Defendant Keary Leonard* [Doc. 67], filed February 24, 2006, and Defendant Keary Leonard's *Motion to Set Aside Default Entered February 27, 2006* [Doc. 71], filed February 27, 2006.  Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court grants Defendant's *Motion to Set Aside Default Entered February 27, 2006* and denies as moot Plaintiff's *Motion for Entry of Default Judgment Against Defendant Keary Leonard*.

## I. BACKGROUND

This matter arises from a February 6, 2002 motor vehicle accident in Guadalupe County, New Mexico, in which Plaintiff's vehicle collided with a freightliner driven by Defendant Tina Marie Dennis.  Although it was Dennis's rig that collided with Plaintiff's

pick-up, Plaintiff asserts that Defendant Keary Leonard ("Leonard"), who was driving in front of Plaintiff at the time of the collision, actually caused the accident by negligently and carelessly operating his semi tractor-trailer and by indicating to Defendant Dennis that the path was clear for her to proceed.  Plaintiff alleges that he sustained injuries and damages as a result of the accident.  [Doc. 24].  On January 10, 2005, Plaintiff filed his complaint in the Fourth Judicial District Court, County of Guadalupe, State of New Mexico.  Defendants All Freight Systems, Inc. and Great West Casualty Company timely removed the matter to this Court on February 18, 2005.  [See Doc. 1].  On September 7, 2005, filed his *First Amended Complaint to Recover Damages for Personal Injuries*, in which he added Leonard and Leonard's employer, Covenant Transport, Inc., ("Covenant") as parties.  [Doc. 24].

For a variety of reasons, Plaintiff was unable to serve Leonard within the 120-day limit provided under the Federal Rules of Civil Procedure; in other words, by June 20, 2005. Consequently, Plaintiff moved this Court for an order granting him an extension of time in which to serve Leonard by publication.  On December 22, 2005, this Court entered a *Memorandum Opinion and Order* ("*Order*"), allowing Plaintiff to serve Leonard by publication.[1]   The docket reflects that service was made in the Health City Sun (New Mexico) on January 6, 2006 and January 20, 2006 and in the Catoosa County News

---

[1]  Because of a typographical error in the Court's December 22, 2005 *Order*, the Court *sua sponte* entered a second *Order* on February 2, 2006 clarifying that publication was to be completed on or before March 10, 2006.  [See Docs. 42, 53].

(Georgia)[2] on January 18, 2006 and February 1, 2006.  [See Dkt. Entries 62, 63; see also

Doc. 67 at 1].

On February 16, 2006 Attorney Thomas R. Mack ("counsel"), who had previously

entered his appearance for Covenant, entered his appearance on behalf of Leonard.  [Docs.

27, 64].  On February 27, 2006, the Clerk of Court entered the default of Leonard.  [Doc.

70].  Also on February 27, counsel filed an *Answer*[3] on behalf of Leonard, as well as a

motion to set aside the Clerk's entry of default.  [Docs. 71, 72].

## II. ANALYSIS

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party

against whom a judgment for affirmative relief is sought has failed to plead or otherwise

defend as provided by these rules and that fact is made to appear by affidavit or otherwise,

the clerk shall enter the party's default."  Fed.R.Civ.P. 55(a).  "For good cause shown[,]"

however, the Court may set aside an entry of default.  Fed.R.Civ.P. 55(c).  While the

defaulting party bears the burden of demonstrating that the entry should be set aside, the

decision to do so is committed to the sound discretion of the trial court, which is afforded

---

[2] Leonard's last known address, as of September 2005, was in Ringgold, Georgia, which is in Catoosa County, Georgia.  [See Doc. 37 at 3].

[3] In an affidavit filed with the *Response to Motion for Entry of Default Judgment Against Defendant Keary Leonard*, counsel acknowledges that, because service by publication was completed on February 1, 2006, an *Answer* on behalf of Leonard should have been filed not later than February 21, 2006.  [See Doc. 74 at 3; see also Fed.R.Civ.P. 12(a)(1)(A)].  Leonard's *Answer*, having been filed February 27, 2006, was not only filed out of time but also without leave of court.  See Fed.R.Civ.P. 6(b).

significant latitude in making its determination.  Nikwei v. Ross Sch. of Aviation, Inc., 822

F.2d 939, 941 (10th Cir. 1987).

An entry of default should not be confused with a default judgment, as the standards

for securing relief from each differ.  See 47 AM. JUR. 2d *Judgments* § 798 (1995).  Indeed,

as the Tenth Circuit has explained, "it is well established that the good cause required by

Fed.R.Civ.P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting

party than the excusable neglect which must be shown for relief from judgment under

Fed.R.Civ.P. 60(b)."  Dennis Garberg & Assoc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 775

n.6 (10th Cir. 1997) (*citing* Meehan v. Snow, 652 F.2d 274, 276 (2d Cir.1981) ("the

standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than

the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to

Rule 60(b).")).  The three criteria that are generally used to establish the "good cause"

required under Rule 55(c) are whether (1) the default was the result of culpable conduct of

the defendant, (2) the plaintiff would be prejudiced if the default were set aside, and (3) the

defendant has presented a meritorious defense.  Super Film of Am., Inc. v. UCB Films, Inc.,

2004 WL 2413497 (D.Kan. 2004).  Keeping in mind that "[t]he preferred disposition of any

case is upon its merits and not by default judgment[,]" this Court concludes that the Clerk's

entry of default should be set aside.  See Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir.

1970) (While "[t]he preferred disposition of any case is upon its merits and not by default

judgment[, . . .] this judicial preference is counterbalanced by considerations of social goals,

justice and expediency."); see also Katzson Bros., Inc. v. U.S. E.P.A., 839 F.2d 1396, 1399

(10th Cir. 1988) ("default judgments are not favored by courts . . . .").

Applying the first of the above-listed "good cause" factors to the facts of this case,

the Court determines that the failure to file an *Answer* in a timely manner and, consequently,

the entry of default by the Clerk of Court, was due to counsel's inadvertence.  In his

affidavit, counsel states that he neglected to note on his electronic calendar a due date for

the filing of Leonard's *Answer*, even though it was always his intent and purpose to defend

the claims against both Leonard and Covenant.  Counsel also neglected to bring the due date

to the attention of his assistant or to ask anyone else to calendar the date.  [Doc. 74 at 1-2].

Default is discouraged where counsel's inadvertence, rather than defendant's bad faith, has

caused the late filing of an *Answer*.[4]  See Grandbouche v. Clancy, 825 F.2d 1463, 1467-68

(10th Cir. 1987).  Under the circumstances, I cannot find that counsel acted in bad faith.

Accordingly, the Court concludes that the first factor in the good-cause analysis weighs in

favor of Leonard.

The Court determines that the remaining two factors also weigh in favor of setting

aside the entry of default.  The allegations in the *Complaint* appear to state only a claim of

_____

[4]  Plaintiff asserts that "[t]he default results from the culpable conduct, the inaction and/or avoidance, by Defendant Leonard." [Doc. 75 at 3].  To be sure, in its December 22, 2005 *Order*, this Court concluded that it appeared as if Leonard was actively avoiding service of process in this matter. [Doc. 42 at 7].  Still, the Court does not find that any wrongdoing by Leonard caused counsel to miss the deadline for filing the *Answer*, which, in turn, led to the entry of default. Additionally, upon realizing his error, counsel immediately filed the *Answer* and also "expeditiously [sought] to vacate the entry of default[.]"  Porter v. Brancato, 171 F.R.D. 303, 304 (D.Kan. 1997).

vicarious liability against Leonard's employer, Covenant. [See generally Doc. 24].

"Vicarious liability is '[t]he imposition of liability on one person for the actionable conduct

of another, based solely on the relationship between the two persons.'" David P. Coldesina,

D.D.S. v. Estate of Simper, 407 F.3d 1126, 1138 (10th Cir. 2005) (*quoting* Black's Law

Dictionary 1566 (6th ed. 1990)).   Accordingly, for Plaintiff to prove his case against

Covenant, he must first establish the actionable conduct of Leonard.  The Court concludes

that Plaintiff would not be prejudiced by being made to prove his case against Leonard in

order to recover from Covenant.  See Jackson v. Delaware County, 211 F.R.D. 282, 283

(E.D.Pa. 2002) ("The fact that a plaintiff will have to litigate an action on the merits rather

than proceed by default does not constitute prejudice."); see also Walter E. Heller Western,

Inc. v. Seaport Enter. Inc, 99 F.R.D. 36 (D.Or. 1983) (setting aside entry of default where

plaintiff would be not prejudiced except insofar as it would then be required to defend its

case on the merits).

Finally, the Court concludes that Leonard has established the third good-cause factor,

*i.e.*, that he has a meritorious defense to Plaintiff's claims against him.  Leonard contends

that he was neither a cause nor a contributing cause to the accident that resulted in Plaintiff's

alleged injuries and damages.  This contention is supported by the deposition testimony of

the investigating New Mexico State Police patrolman, Hal Cage, in which Cage stated that

Leonard's actions did not cause or contribute to the accident involving Plaintiff and

Defendant Tina Marie Dennis.  [Doc. 73; Exh. A at 31-32].  An expert witness retained by

Covenant, J.T. Hayes, expressed a similar opinion, stating that "[t]he only contributing factors to this collision [were] in the category of driver error[,]" specifically, that of Plaintiff. [Id.; Exh. B at 15, "Contributing Factors," citing Plaintiff's decision to overtake Leonard's truck, as well as the speed at which Plaintiff was traveling, as the causes of the collision]. Accordingly, the Court determines that Leonard has presented a meritorious defense.

## III. CONCLUSION

For the reasons set forth above, the Court grants Leonard's *Motion to Set Aside Default Entered February 27, 2006*. Consequently, Plaintiff's *Motion for Entry of Default Judgment Against Defendant Keary Leonard* will be denied as moot. See In re Rains, 946 F.2d 731, 732-733 (10th Cir. 1991) (calling default judgments "a harsh sanction" and explaining that the Tenth Circuit "do[es] not favor default judgments because the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays in filing or other procedural error.").

**IT IS, THEREFORE, ORDERED** that Defendant Keary Leonard's *Motion to Set Aside Default Entered February 27, 2006* [Doc. 71] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion for Entry of Default Judgment Against Defendant Keary Leonard* [Doc. 67] is **DENIED AS MOOT**.

**SO ORDERED** this 6th day of April, 2006, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
United States District Judge