IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ROBERT CHAVEZ**,

    Plaintiff,

vs.                                  No. **CIV-05-186 MCA/ACT**

**TINA MARIE DENNIS, ALL FREIGHT SYSTEMS, INC., and GREAT WEST CASUALTY COMPANY,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Plaintiff's Motion in Limine to Exclude Collateral Source Payments* [Doc. 76], filed March 17, 2006. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court grants the motion in part and denies it in part. This *Opinion* is relevant as to Defendants Dennis; All Freight Systems, Inc.; and Great Casualty Company only, as the remaining Defendants have reached a settlement with Plaintiff.

## I. BACKGROUND

This action arises from a February 6, 2002 motor vehicle accident in Guadalupe County, New Mexico, in which Plaintiff's vehicle collided with a freightliner driven by Defendant Tina Marie Dennis. As a result of injuries sustained in the accident, Plaintiff has received workers' compensation, Public Employees Retirement Act disability, and social security disability benefits. [Doc. 76 at 1].

Plaintiff now moves to exclude any and all evidence of collateral source payments on grounds that such evidence is irrelevant, inadmissible, and substantially more prejudicial than probative. [Doc. 76]. Defendants request that the Court not issue a blanket prohibition against the introduction of all collateral source evidence, as it may be relevant and admissible with respect to certain issues. [Doc. 86].

## II. ANALYSIS

The collateral source rule holds that "[c]ompensation received from a collateral source does not operate to reduce damages recoverable from a wrongdoer." Trujillo v. Chavez, 417 P.2d 893, 897 (N.M. 1966). To the contrary, the rule allows a plaintiff to seek full recovery from a tortfeasor even though an independent source has compensated the plaintiff in full or in part for the loss. Green v. Denver & Rio Grande Western R. Co., 59 F.3d 1029, 1032 (10th Cir. 1995). The Tenth Circuit has explained the rationale for the collateral source rule as "at least two-fold," noting that (1) public policy favors giving the plaintiff a double recovery rather than allowing a wrongdoer to enjoy reduced liability simply because the plaintiff received compensation from an independent source; and (2) by assuring a plaintiff's payments from a collateral source will not be reduced by a subsequent judgment, the rule encourages the maintenance of insurance. Id. Evidence of collateral source payments is generally inadmissible. See, e.g., Trujillo, 417 P.2d at 897; Martinez v. Knowlton, 536 P.2d 1098, 1099 (N.M.App. 1975).

There are, however, exceptions to the rule that evidence of collateral source payments is inadmissible. See Mac Tyres, Inc. v. Vigil, 589 P.2d 1037, 1039 (N.M. 1979) ("New

Mexico courts have not adhered to a rule that insurance can never be mentioned when it is highly relevant to an issue in the lawsuit."). To be sure, courts in New Mexico "recognize that the question of insurance before a jury can be prejudicial as well as proper and dignified." Anderson v. Welsh, 527 P.2d 1079, 1083 (N.M.App. 1974). Collateral source evidence may be admitted to demonstrate "'proof of agency, ownership, or control, or bias or prejudice of a witness.'" Selgado v. Commercial Warehouse Co., 526 P.2d 430, 435 (N.M.App. 1974) (*quoting* N.M.R.Evid. 411).[1] Collateral source evidence may also be admissible for purposes of impeachment, Mac Tyres, 589 P.2d at 1039-40, and to test a plaintiff's credibility. Jojola v. Baldridge Lumber Co., 635 P.2d 316, 320 (N.M.App. 1981). Possible prejudice to the jury can be avoided with a limiting instruction. Mac Tyres, 589 P.2d at 1040.

In this case, the Court declines Plaintiff's invitation to issue a blanket order excluding any and all evidence of collateral source payments. Instead, the Court will grant Plaintiff's motion in part and exclude evidence of collateral source payments to the extent that such

---

[1] Rule 411 of the New Mexico Rules of Evidence is identical to Rule 411 of the Federal Rules of Evidence, which provides that

> Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness.

Fed.R.Evid. 411.

evidence is normally inadmissible, *i.e.*, as a means of showing that Plaintiff was compensated by a collateral source for all or a portion of the damages caused by Defendants' allegedly wrongful acts.  See 22 AM. JUR. 2D DAMAGES § 763 (2003).  To the extent that Plaintiff seeks to exclude evidence of collateral source payments for purposes for which such evidence may be otherwise admissible, Plaintiff's motion will be denied.  Objections to such proffered evidence will be heard, considered, and ruled upon in the context of trial.

## III. CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part *Plaintiff's Motion in Limine to Exclude Collateral Source Payments*.

**IT IS, THEREFORE, ORDERED** that *Plaintiff's Motion in Limine to Exclude Collateral Source Payments* [Doc. 76], is **GRANTED IN PART** and **DENIED IN PART.**

**SO ORDERED** this 22nd day of June, 2006, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge